RELATED DDJ

**FILED**
**CLERK, U.S. DISTRICT COURT**

JUN - 1 2018

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____RS_____ DEPUTY

Phillip Rosenblum BF-0331
FULL NAME

Corcoran State Prison
COMMITTED NAME (if different)

P.O. Box 3461
FULL ADDRESS INCLUDING NAME OF INSTITUTION

Corcoran Ca. 93217

PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Phillip Rosenblum

PLAINTIFF,

v.

Orange county sheriff Dept, et. al.

DEFENDANT(S).

CASE NUMBER

_____8:18-CV-00966-JVS-E_____
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____1_____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

The lawsuit encompassed slander and other sadistic actions that violated the 8th Amendment of the U.S. constitution.

**RECEIVED**
**CLERK, U.S. DISTRICT COURT**

MAY 29 2018

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____ DEPUTY

    a.  Parties to this previous lawsuit:
Plaintiff _Phillip Rosenblum_

Defendants _Los Angeles County Law Enforcement_

    b.  Court _United States District Court, Central District of California_

    c.  Docket or case number _2:17-cv-02898 JVS-E_

    d.  Name of judge to whom case was assigned _District Court Judge Selna/Judge Eick_

    e.  Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) ~~Dismissed~~ _Dismissed as delusional/fanciful allegations._

    f.  Issues raised: _Government organized stalking leading to slander, harassment and Violence_

    g.  Approximate date of filing lawsuit: _May 2017_

    h.  Approximate date of disposition _Sept. 2017_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ■ Yes  ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint? ■ Yes  ☐ No

If your answer is no, explain why not _See Exhaustion of Administrative Discussion_

3.  Is the grievance procedure completed? ■ Yes  ☐ No

If your answer is no, explain why not _See Exhaustion of Administrative Discussion_

4.  Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Phillip Rosenblum_
(print plaintiff's name)

who presently resides at _Corcoran State Prison, P.O. Box 3461, Corcoran Ca. 93212_ ,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_Orange County Jail, 550 N. Flower St. Santa Ana Ca. 92703_
(institution/city where violation occurred)

on (date or dates) _See actual complaint._ , _____ , _____ .
              (Claim I)                   (Claim II)              (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant  _John Doe #1_____ resides or works at
             (full name of first defendant)
           _Orange County Jail, 550 N. Flower St. Santa Ana Ca. 92703_
           (full address of first defendant)

Count one:    _Sheriff Deputy_____
           (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_Working as a deputy Sheriff for the County of Orange._

2.  Defendant  _John Doe #2_____ resides or works at
             (full name of first defendant)
           _Orange County Jail, 550 N. Flower St, Santa Ana Ca. 92708_
           (full address of first defendant)

Count one:    _Sheriff Deputy_____
           (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_Working as a deputy Sheriff for the County of Orange_

3.  Defendant  _John Doe #3_____ resides or works at
             (full name of first defendant)
            _Orange County Jail, 550 N. Flower St. Santa Ana Ca. 92703_
           (full address of first defendant)

Count one:    _Sheriff Deputy_____
            (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_Working as a deputy Sheriff for the County of Orange._

## Defendants

Count one:
#4 Count two: Defendant - Deputy Blackstone

(address) Orange County Jail 550 N. Flower St. Santa Ana Co. 92703

(position) Sheriff Deputy

is sued in ~~correct~~ individual capacity

(Color of law claim) working as a deputy sheriff for the county
of orange


#5. Count two: Defendant - Deputy Smith

(address) Orange county Jail 550 N. Flower St. Santa Ana Co. 92703

(position) sheriff Deputy

is sued in his individual capacity.

(color of law claim) working as a sheriff deputy for the
County of orange


#6. Count two: Defendant - Deputy Porter

(address) Orange County Jail 550 N. Flower St. Santa Ana Co. 92703

(position) Sheriff deputy

is sued in individual capacity

(color of law claim) working as a sheriff deputy for
the county of orange


#7 Count two: Defendant - Deputy serrano

(address) Orange County Jail 550 N. Flower St. Santa Ana Co. 92703

(position) Sheriff deputy

4

(#7) is sued in individual capacity

(color of law claim) working as a sheriff deputy for the county of orange.

#8 ~~count two; Defendant~~ Deputy Owens

count two; Defendant

(address) orange county Jail 550 N. Flower st. Santa Ana Ca. 92703

(Position) Sheriff deputy

is sued in individual capacity

(color of law claim) working as a sheriff deputy for the county of orange

#9 count two; ~~~~ Defendant; Sgt. Arredondo

(address) Orange county Jail 550 N. Flower st. Santa Ana Ca. 92703

(Position) Sheriff deputy

is sued in individual capacity

(color of law claim) working as a sheriff deputy for the county of orange.

#10 count three; ~~~~ Defendant: John Doe #4

(address) orange county Jail 550 N. Flower st. Santa Ana Ca. 92703

(Position) Sheriff deputy

is sued in individual capacity

(color of law claim) working as a sheriff deputy for the county of orange.

#11 Count three: Defendant: John Doe #5

(address) orange county Jail 550 N. Flower St. Santa Ana Ca 92703

(position) sheriff deputy

is sued in individual capacity

(color of law claim) working as a sheriff deputy for the county

of orange.

4. Defendant _See additional Payer_ resides or works at
   _____
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5. Defendant _See additional Payer_ resides or works at
   _____
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

D. CLAIMS*

### CLAIM I

The following civil right has been violated:

Count one, two, and three, the 8th Amendment of the U.S. Constitution has been violated.

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

### INTRODUCTION

1. Plaintiff makes aware that during a recent six month stint at Orange County Jail he suffered what is coined a "campaign of harrasment." Witte v. Wisconsin Dept. of Corrections 434 F.3d 1031; Calhoun v. Hargone 312 F.3d 730 (5th cir. 2002). These certain acts done unto plaintiff in there isolation or in there total are equivalent to a constitutional violation under the 8th Amendment of the U.S. Constitution. Some of these acts include but are not limited too: Deputy staff kicking cardboard cut-out penises at him underneath his cell door (see exhibit A-1, A-2 screened back grievance, mentioning cardboard cut-out penis complaint dated July 16 2017), allowing slander of his name by Deputy staff allowing inmates to graffitti "Rosenbum is a snitch." on cell and shower door walls in plain view and then not removing it or painting over the grafittis (see exhibit B page 2 of...

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

· Monetary damages according to proof/or
· 2.5 million in Compensatory damages
· 2.5 million in punitive damages.

_May. 24, 2018_
(Date)

_Tilly J. Rose_
(Signature of Plaintiff)

"Introduction" Continued:

... his letter to the Special Prosecutor at the Orange County District Attorney Office), tampering with his outgoing legal mail (See exhibit C-1, exhausted legal tampering complaint), ~~with~~ a deputy spitting on his personal items (see exhibit D-1, grievance Complaint of a deputy spitting on his items), retaliation cell searches, done illegally without purpose or suspicion other than retaliation (See exhibit E-1, retaliation by "Dep. Owens" "Coming in my cell for intimidation, harassment and assaultive purposes." "#3" of letter to the Office of Internal Affairs); ~~various health and safety code violations creating more air contaminated and Nelvy communication spread control, and water, to such as various room maintenance control as getting priority back then exhibit F-1, see exhibit explanation to communication with Nursing health and safety code various complaint~~), medical care denial of serious injury (See exhibit G-1, exhausted complaint for injury to hand requesting medical care); improper use of mechanical restraints during escorts of Plaintiff (see exhibit H-1, copy of complaint concerning improper use of mechanical restraints) and then setting up Plaintiff to fight against known enemies and ~~wanting excessive force~~ then deputies using excessive force against Plaintiff resulting in further serious injury. (See exhibit I-1, and J-1, set-up fight complaints, and excessive force used [Exhibit I-1, complaint from July. 4, 2017, and exhibit J-1 complaint from Aug. 28, 2017), and lastly making a

1

thunderstorm of noises such as gun shots noises with doors and other sound crashing noise platforms to cause fear in an intent to annoy, harrass, and terrorize plaintiff, (see exhibit F-1, Page Out of internal affair   Complaint, complaining of Staff making orchestrations of noise).

2. Because plaintiff's claims became so voluminous and numerous plaintiff does omit some of them to preserve focus of this matter, in which complaints discussed in this matter warrant recognition versus claims intentionally overlooked to conserve judicial resources herein.

3. Plaintiff also makes aware he exhausted all of these claims under State law by filing a board of control form, with the County board of control office (Did not include exhibit ~~XXXX~~, rejection notice by County board of Control of state law claims.)

4. Plaintiff points out there are stacks of grievances he filed within the Orange county sheriff department office of Internal Affairs and Orange County District Attorney Office, to display he exhausted the administrative process (other than the grievances that ~~XXXX~~ are within the Orange County Sheriff Department to display he exhausted ~~XXX~~ unto the complaints he filed concerning these matters).

Complaint

2

## COUNT ONE - THE SET-UP FIGHTS

5. Plaintiff when he arrived at Orange County Jail back in the month of May of 2017 informed a Sheriff Deputy Rigby, he had numerous enemies in the main jail and could not be safely housed back there with these enemies. To ensure his safety Dep. Rigby housed Plaintiff in J-mod unit, a segregated unit where Plaintiff would be behind protective glass, ~~whereas the have~~ protecting his cell and himself from attack by his enemies. In the main jail there are just cell bars, in which opponents can reach through and strike each other through the bars, the protective glass in J-mod prevents a strike by ~~oppo~~ an opponent from happening.

6. In the month of November 2016, Plaintiff while out of custody went down to the office of Internal Affairs for Orange County and filed in person complaints. The complaints stated during his previous incarceration in the jail, he was housed in the main jail, and deputy staff through willful negligence allowed inmates to try and attack him, by jumping off a 2nd tier to the 1st tier (where Plaintiff was housed) and reaching through Plaintiff's cell bars and trying to razor slice ~~on~~ him with manufactured weapons. The attacks on Plaintiff happened on separate occasions. The inmates who performed the attacks were, J.J. Renteria, Alfredo Mckinno, and inmate Oragnes. Both Renteria and Mckinno used ~~xxxxxx~~ Complaint

3

an inmate manafactured weapon with razors attached to the end of it to try and slice plaintiff through the bars. The razor slice attacks failed and so both inmates either spit at plaintiff or threw urine or feces at plaintiff, these attacks except for the spitting failed. The Rentería attack lasted only a couple of minutes but the McKinno attack lasted approximately five to ten minutes.

7. On June 30, 2017, while housed back in J-mod, due to reckless deputies he was re-housed for no purpose back in the main Jail with his known enemies. The first known enemy plaintiff was re-housed with was another opponent of his michael Baker. This was reckless error since plaintiff is a confidential informant in michael Baker's criminal case who tells everyone plaintiff is a rat [It is noted michael Baker was accused of killing his Grandmother] On July 2, 2017, and July 3, 2017, plaintiff submitted formal grievances in writing to be moved away from michael baker and the other known enemies housed in the main jail, and to be re-housed back in J-mod behind the protective glass away from potential attack. These grievances were ignored, never answered in writing, done intentionally to avoid liability, and allow violence to occur.

8. On July 4, 2017, plaintiff was moved out of the housing unit that had michael Baker in it, but was moved/re-housed on the direct Complaint

4

housing tier as his previous assailing known enemy Alfrede McKinne. Plaintiff approached McKinne's cell, and a fight broke out between them, deputies finally responded to this incident and they interrupted the fight. Plaintiff after this fight, still in the same day of July. 4. 2017, was next re-housed in the main Jail on the direct tier as his known enemies J.J. Renteria and inmate Dragnes. Plaintiff approached inmate ~~Dragnes~~ ~~and~~ J.J. Renteria and immediately a fight broke out. Inmate Dragnes helped out J.J. Renteria in the fight by hitting Plaintiff multiple times in the top of the head with a homemade stick that resembled the lenghth and width of a mini-bat or a pipe. This caused Plaintiff much disorientation and is equivalent to serious injury. Responding deputies eventually interfered with the fight stopping the incident.

9. The next set-up fight occurring on the direct tier of the main jail happened against known enemy Michael Baker. On Sept. 23, 2017, the plaintiff was rehoused on the same tier with Baker, and Plaintiff approached his cell and ofcourse a fight broke out between them.

10. Plaintiff is unsure what housing deputies moved Plaintiff in direct proximity of his known enemies but discovery should uncover these ~~these~~ ~~deputies~~ deputies who controlled these set-up

Complaint                          5

Fights. And then liability will prevail accordingly. For now they will be John Doe #1, John Doe #2, John Doe #3, even though assuringly there was more deputies in charge of these set-up fights, or had the authority to prevent them from occurring. For instance like the supervisors who ignored his grievances he submitted on July 2, 2007, July 3, 2011, to be kept seperate from these inmates.

11. It should be made aware that Orange County Jail deputy staff has a pattern and history of setting inmates up to fight and disregarding grievances alike as manifested by the A.C.L.U.'s lawsuit detailed lawsuit against Orange County Jail Staff. See on-line news coverage of this

12. The next set-up fight authorized plaintiff to be razor sliced from behind on his forearm. This known enemy inmate Raymond Boykin, graffitti'd "Rosenblum is a snitch," on the shower walls. Assisted in creating cardboard cut-out penises placed in front of plaintiff's cell door for harrassment purposes. And engaged plaintiff in numerous trash talking episodes for harrassment purposes, while plaintiff was housed in the main jail administrative segregation (due the set-up fights he was involved in and other miscellaneous write-up's he received). The set-up fight with Boykin occurred on Aug. 28, 2017, during

Complaint                        6

morning time courtroom transfer. A deputy Blackstone already
on Aug. 24, 2017, due to a shouting match in front of Boykin's
cell door pulled plaintiff by his shirt collar off his doorfront.
So Blackstone was aware of the tension between them. Instead of
keeping them seperate on Aug. 28. 2017, during the escort for court,
Deputy Blackstone authorized both plaintiff and Boykin to walk
right near each other, plaintiff was cuffed behind his back,
without defense, and Boykin was in waste chain cuff, mak-
ing striking an availability for him. Deputy Blackstone allowed
Boykin during the escort to stand directly behind plaintiff in an
elevator after Boykin walked behind plaintiff down an escort
passage that was without camera's. Deputy Blackstone turned
and walked away from plaintiff and Boykin and left the two
unmonitored inside the elevator, and Boykin reached out and
sliced plaintiff's back forearm with a razor blade.

## COUNT TWO, EXCESSIVE FORCE

13. On July 4, 2018, after the second fight of the day
the sheriff Deputies, Smith, Porter, Serrano (maybe others) used
excessive force on plaintiff during the restraining process. Plaintiff
was already hit with a homemade stick in the head multiple
times during this set-up fight with his known enemies. The
deputies while escorting plaintiff off the tier applied

Complaint

7

breaking pressure to his wrist, causing a fracture and nerve damage to his right thumb area and wrist area. In addition to that these deputies hit plaintiff in the head (off camera) while going down the stairs, and slammed his face against the wall (on camera).

14. The next episode of excessive force occurred by Deputy Blackstone from the Aug. 28, 2017 set-up fight. After plaintiff was sliced from behind by inmate Boykin. Plaintiff proceeded to kick at the wielding Boykin. Deputy Blackstone slammed plaintiff's head into the elevator. Then the handcuffed behind his back plaintiff kicked again at Boykin who was now sitting down on the ground. Dep. Blackstone, then grabbed the plaintiff by the back of his head, toppled him, slamming him face first into the ground, causing six of his teeth to break, fracturing his jaw, and also causing a split in his chin needing four stitches.

15. The next excessive force occurred by Deputy Blackstone again and a Deputy Owens on Sept. 22, 2017. On this date off digital camera in front of a sgt. Arrendondo (the lack of filming was intentionally done). Both Dep. Owens and Dep. Blackstone come inside of plaintiff's cell, and slammed him to the ground, hitting him multiple times on the ground

Complaint

8

17

attacking plaintiff in his spine and slamming his head into the ground. It is alleged sgt. Arrendondo authorized this excessive force, because the cell extraction Dep. Owens and Dep. Blackstone performed was required to be on camera, but was intentionally not done, and the sergeant was required to film the extraction but did not.

## COUNT THREE – CAMPAIGN OF HARRASSMENT

16. Plaintiff in the "Introduction" paragraph's of this compliant, listed a swarm of harrassment and other bad acts that in isolation or in the culmulative violates the constitution. However due the multitude of these actions and potential myriad amount of employees, this "campaign of harrassment" should wait for discovery to ensue to establish what can be properly proved and pleaded ~~through~~ through identification of evidence and the appropriate defendants. This will conserve judicial resource, and narrow the litigation accurately. Count three has two unknown defendants in it for service purposes, John Doe #4 and #5.

## CONCLUSION

17. In the event the court adjudicates a any of these claims do not violate the u.s. constitution. a remand back to state court should issue.

Complaint                              9          ~~Zha j Ross~~
                                                  May. 24. 2018

68



### SHERIFF DEPARTMENT
### ORANGE COUNTY
### SANTA ANA, CALIFORNIA

SANDRA HUTCHENS, SHERIFF - CORONER

### GRIEVANCE / GRIEVANCE APPEAL FORM
(Circle One)

Inmate's Name _Phillip Ratcliffe_         Booking Number _2986969_

Housing Number _MJ-DISP-JSO-3_         Date _July 15 2017_

Date of Incident _July 15, 2017 "7th"_ Time of Incident _1:00 pm - 1:30 pm_ Location of Incident _Disp-J-o-J.S. cell 3_

Is grievance related to a disability?   Yes   No   (Circle one)

| Details of Incident (One Incident Per Form. Include dates, times, and names of those involved.) Details should be brief and contained in this area |
|---|

Grievant is being heavily harrassed by inmates and deputy staff. Fueled by
deputy staff who constantly hover in the vicinity slandering his character. On
July 14, 2017, starting at about 3:00 p.m. inmate Boykin/inmate Spurlock bang, shouted
obscenities to him and made intimidating remarks. Then in the evening hours of
after 8:00 p.m., both Spurlock and Boykin, slid out of their door for quite some
time - pictures of men, and cardboard cut-out penis figures. After shower time
on July 15, 2017 at about 5:30-6:00 a.m., Spurlock had Boykin fill out a medical
slip in grievant's name, claiming he was suicidal, and threatening an officer.
Boykin and Spurlock then rushed the medical slip on the tier, when the morning
Nurse came in, they tricked her into thinking it was from grievant. And he
was ultimately later on seen by a psych-tech and again explained the situation.
Deputy moon who accompanied the morning Nurse refused to investigate
the matter. Other acts of misconduct have occurred by staff
equivalent to retaliation and their account in this main Jail
Disciplinary file, requirement inmate not mandated to appease.

| STAFF RESPONSE          Continue to fill [attach] |
|---|

Inmate Signature _Phil + Rosie_         Date _July 15, 2017_   Time _7:00 p.m._

Received By _____   Date _____   Time _____
    Staff Name & PID # (Please Print)

Assigned To _____   Date _____

Response Returned to Inmate By _____   Date _____

☐ Handled as Inmate Request

| Do not write below this line.  For official use only. |
|---|

**Copies (JI# Only)**
1. Original scanned to Grievance Program.
2. Photo copy to inmate after signing (attesting to receiving form).
3. Photo copy to inmate when returning response.
4. Original to Jail Inmate Record File

J190 (Rev. 02/11)

☐ Grievance              ☐ Intake/Release Center
☐ Appeal Grievance       ☐ Central Men's Jail
☐ Inmate Services        ☐ Central Women's Jail
☐ Personnel Complaint    ☐ James A. Musick
☐ Medical                ☐ Theo Lacy Facility
☐ Appeal Discipline

19

Exhibit A-2

Grievance continued:                                    Page 1

Deputy Harris on July, 5, 2017 at approximatly 8:30 p.m.
Came in grievant's cell while on full privileges, and
removed unneccessary item's and searched his cell
very messily. Just two day's later on July, 8, 2017
Deputy Owen at approximately 3:30 a.m., while grievant
was sleeping, came all the way inside his cell,
threatened to assault him, pulled him out of bed,
and then searched his cell by throwing things all over
the place. On July, 8, 2017, during supplier
pass out, (after denying grievant previous
medical attention) Deputy Mearse and grievant
engaged in a verbal exchange where Deputy
Mearse threatened to "beat grievant to death."
And lastly and very bizzare is where the
cardboard cutout penises, were pushed into
his cell by Dep. Verna twice while grievant
was sleeping. Grievant awoke saw the cut-out
half under his door and pulled it in his cell.
Then grievant went back to bed and Verna during
his security check again slid another larger
cutout penis into grievant's cell. The approx-
imate time of this grievant believes is be-
tween 1:00 p.m - 1:30 p.m. Video evidence is
requested from this happening by Verna on July, 15,
2017. These staff complaints fall under Penal code
832.5. Tampering with food tray's should be noted too.
                                                    7-15-17

Exhibit B-1

Dear Special Prosecutor

This letter is written in regards to severe
Criminal Constitutional violations that have been
weight at now.

First off on July 2, 2017 & July 3, 2017, I
submitted grievances to be kept away from known
enemies, whom tried to cut my face, the jail
staff ignored them entirely, and instead housed me
on two occasions in the same day fight
involving multiple weapons being used and ex-
cessive force, causing severe injury that was
ignored. (Occurring July 4, 2017).

Next they authorized another act of violence
on Aug 28, 2017, by transporting me with a
known enemy, of mine, who sliced me with a
razor blade from behind and then the super-
vising deputy used excessive force on me
by slamming me into the ground and beating
me at least 6 of my teeth, stitches, etc. Additionally
they had the audacity to deny seeing a
razor blade even though it's on camera.

Again they facilitated another predict-
able fight on Sept 23, 2017, by housing me
over my multiple objection, next to
Michael Baker, who tells everyone I'm a
fed, but paperwork showing I'm a C.I.
on his criminal matter (accused of killing
his grandmother). And then a fight breaks
out right away between us.

Additionally I have documentation of
approximate 20 acts of food tampering,
deputy spitting all over my items on camera.
Complete denial of law library

21

Exhibit B-2
Special Procedure letter

research, and outdoor recreation for mentals
straight.

Court order for such.

Denial of medical care, including ignoring

Psychological harassment tactics by
staff, and other acts of abuse/excessive force.

Character slander, graffiti, sexual
harassment, and other attempts to place
me next to known enemies of mine, and

other acts of stalking by deputies.

Annoyances of eavesdropping and
entrapment.

Retaliation searches of my cell up
to approximately 7 to 8 times (more than
anyone else in the jail)

Illegal use of mechanical restraints
for harassment purposes.

Repeated mail tampering and
interception.

* Most of my complaints have been so
inadequately, absurd, overlooked, disregarded,
failure to investigate, it now mandates
immediate attention by the D.A. office
for an ethical oversight and invest-
igation.

Sincerely,

Phillip Rosenblum Bkg # 2986969
O.C. Jail
550 N. Flower St.
Santa Ana Ca. 92703

22



OFFICE OF THE

# DISTRICT ATTORNEY

ORANGE COUNTY, CALIFORNIA

TONY RACKAUCKAS

**JIM TANIZAKI**
CHIEF ASSISTANT D.A.

**JOSEPH D'AGOSTINO**
SENIOR ASSISTANT D.A.
GENERAL FELONIES/
ECONOMIC CRIMES

**MICHAEL LUBINSKI**
SENIOR ASSISTANT D.A.
SPECIAL PROJECTS

**JAIME COULTER**
SENIOR ASSISTANT D.A.
BRANCH COURT OPERATIONS

**SCOTT ZIDBECK**
SENIOR ASSISTANT D.A.
VERTICAL PROSECUTIONS/
VIOLENT CRIMES

**JENNY QIAN**
DIRECTOR
ADMINISTRATIVE SERVICES

**SUSAN KANG SCHROEDER**
CHIEF OF STAFF

October 27, 2017

Phillip Rosenblum
Booking #2996969
Orange County Jail
550 N. Flower St
Santa Ana, CA 92703

Dear Mr. Rosenblum,

The Orange County District Attorney's Office is receipt of your letters dated September 16, 2017 and September 27, 17.  In reviewing your court record ("Vision"), it appears you have been provided a private investigator.  Please provide the details of your allegations to him, including specific dates and times of the alleged incidents, along with the names of the parties involved, if you know them, and any evidence you have in your possession to corroborate your allegations. Additionally, if you have reported the incidents to the Jail Sergeant, please provide your investigator with that information, as well.  If you have not made any formal complaints to the Jail Sergeant, then you should consider doing so in order to make them aware of your plight.  Lastly, the grievances alleged with regard to the Jail's failure to follow the Court's orders should be addressed in court, after giving proper notice to the County Counsel.

Sincerely,

Special Prosecutions Unit
Orange County District Attorney's Office

REPLY TO: ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE

WEB PAGE: http://orangecountyda.org/

☒ MAIN OFFICE
401 CIVIC CENTER DR W
P.O. BOX 808
SANTA ANA, CA 92701
(714) 834-3600

☐ NORTH OFFICE
1275 N. BERKELEY AVE.
FULLERTON, CA 92832
(714) 773-4480

☐ WEST OFFICE
8141 13TH STREET
WESTMINSTER, CA 92683
(714) 896-7261

☐ HARBOR OFFICE
4601 JAMBOREE RD.
NEWPORT BEACH, CA 92660
(949) 476-4650

☐ JUVENILE OFFICE
341 CITY DRIVE SOUTH
ORANGE, CA 92868
(714) 935-7624

☐ CENTRAL OFFICE
401 CIVIC CENTER DR. W
P.O. BOX 808
SANTA ANA, CA 92701
(714) 834-3952

23

Exhibit C



| | JI# | MJ072817/2300 |
|---|---|---|

**SHERIFF DEPARTMENT**
**ORANGE COUNTY**
**SANTA ANA, CALIFORNIA**

Facility:   Central Men's Jail

SANDRA HUTCHENS, SHERIFF-CORONER

RESPONSE TO INMATE / DETAINEE GRIEVANCE

### RESPONSE TO INMATE / DETAINEE GRIEVANCE

| Inmate's Name | Phillip Rosenblum | Booking Number | 2996969 |
|---|---|---|---|
| Housing Location | MJ_DI_DI_03 | Date Grievance Received | 07/27/2017 |
| Date / Time of Incident | 07/15/2017 05:00 PM | Location of Incident | Dis-Iso |
| Your Grievance has been assigned to Sergeant | | Rupley | |

#### SYNOPSIS OF GRIEVANCE FILED

Inmate mailed 2 letters to the U. S. District Court and they never arrived. He would like to know where the letters are.

#### STAFF RESPONSE TO GRIEVANCE FILED

I/M Rosenblum,
I have personally checked with the mailroom and have not located the letters you stated you mailed to US District Court. They also do not have any return mail from USPS regarding your letters. In the past, I have experienced inmates who mail letters out either do not send them to the correct address or do not include enough postage on the letters. I'm not saying this is the case here, however if it is the return process of your letters could take up to 4 weeks to get back to you. -Sgt. Rupley #5885

J192 (Rev. 02/11)

**INMATE / DETAINEE COPY**

24



*Exhibit D*



| | JI# | MJ091217/2220 |
|---|---|---|

## SHERIFF DEPARTMENT
## ORANGE COUNTY
## SANTA ANA, CALIFORNIA

Facility:   Central Men's Jail

SANDRA HUTCHENS, SHERIFF-CORONER

RESPONSE TO INMATE / DETAINEE GRIEVANCE

### RESPONSE TO INMATE / DETAINEE GRIEVANCE

| | | | |
|---|---|---|---|
| Inmate's Name | ROSENBLUM, PHILLIP | Booking Number | 2996969 |
| Housing Location | MJ_DI_DI_03 | Date Grievance Received | 09/12/2017 |
| Date / Time of Incident | | Location of Incident | |

Your Grievance has been assigned to Sergeant        VanPatten

#### SYNOPSIS OF GRIEVANCE FILED

Inmate Rosenblum alleges Deputies threatened inmate, searched him inappropriately when he was returning from Attorney Bonds, searched his property without reason and spit on the property that was removed.

#### STAFF RESPONSE TO GRIEVANCE FILED

A thorough investigation was conducted into the multiple allegations of staff misconduct made by Inmate Rosenblum in this incident. After reviewing handheld and surveillance camera footage it was determined none of the allegations of misconduct in this incident could be substantiated. In fact, it appeared all staff members acted appropriately and within department policy. No further action will be taken.

J192 (Rev. 02/11)

**INMATE / DETAINEE COPY**

25

Exhibit E

Attn Internal Affairs.

Very unauthentic, and no longer acceptable is the flagrant disregard for my grievances over these serious misconduct issues being ignored, unanswered, or not notifying me.

Please address the following to your senior assistant or captain, and provide me with immediate notification and further exhaustion option.

1. MJ0912171/2220 - Spitting on my items, physically suggestive search, etc... all on camera - Not answered yet.

2. MJ0818171/0130 - Continuing of known enemies jumping off tier, trying to cut my face - complaints filed to be kept away and again still placed in vicinity resulting in weapons used against me, excessive force, and then a medical cover-up.

3. Complaint about Dep. Owen's on 4 different occassion's coming in my cell, for intimidation, harrassment, and assaultive purposes (I have dates & times). That I mailed out to you via public defender!

4. Placing me next to known enemy Michael Baker, who I'm a c.I. on, and who tells everyone I'm a rat, and ofcourse a fight breaks out.

5. Aug. 28, 2017, authorization of a razor slice attack from behind, and excessive force resulting in serious multiple injury, being denied all on camera. Multiple complaints/grievances not logged or answered.

Phillip Rosenblum BKg
O.C. Jail          #2996969
                   Disp-Iso-Irc-7

26

Dec. 29, 2017

Exhibit F

ATTN: OFFICE OF INTERNAL AFFAIRS

It seems as though complaintant has been filing complaints against the O.C. sheriff dept. since the beginning of time. To no avail. your staff remained at a perpetual conspiring maliciously following credible threat level, in disgusting and dispicable derisive, alienating, and abusive attitute and actions often.

This new complaint amounts to a fury of antagonistic violent sound attack, with intent to cause physical and mental injury. This disturbing behavior was done in a thunderstorm rapid fire sadistic sound attack, that would have been construed only as heinous by any reputable passerty however was ignored by multiple staff. thus liability needs ensue accordingly.

For months, as was the powers-to-be. evil-minded plan, complaintant was placed in insane housing conditions where he was targeted by staff and inmates for slander and violence. This became the sick game the staff played against him, everytime I would return to the jail. To create a hostile, guile filled atmosphere, to induce paranoia and anxiety by facilitating slander and violence was the deceitful plan, that was continually attempted, from any angle and ploy through unadulterated ignorance one could possibly cause with mean-spirit devise.

This mention describes the pattern that occured at

27

*Exhibit 1*



**SHERIFF DEPARTMENT
ORANGE COUNTY
SANTA ANA, CALIFORNIA**

Facility:    Central Men's Jail

**SANDRA HUTCHENS, SHERIFF-CORONER**

RESPONSE TO GRIEVANCE APPEAL

## RESPONSE TO GRIEVANCE APPEAL

| | | | |
|---|---|---|---|
| Inmate's Name | Rosenblum, Phillip | Booking Number | 2996969 |
| Housing Location | MJ_DI | Date Appeal Received | 09/25/2017 |
| Date / Time of Incident | | Location of Incident | |

Your Grievance has been assigned to Lieutenant    VanPatten

### SYNOPSIS OF GRIEVANCE APPEAL

Inmate Rosenblum's complaint is for not being prescribed a sufficient amount of pain medication for his injury.  He would also like an MRI done on his hand.

### STAFF RESPONSE TO GRIEVANCE APPEAL

Sgt. Rupley forwarded your grievance to Correctional Health Services who answered your original grievance.  Correctional Health Services stated: "You have been seen by multiple providers related to your concern and been given direction on how to access OTC medication through commissary. If you are still having issues related to this concern beyond what was discussed with the medical staff, please submit a medical message slip to be seen by the medical personnel."  Your grievance has been addressed and is therefore your appeal is denied.

J194 (Rev. 02/11)

**INMATE / DETAINEE COPY**

28



*Exhibit H*

**SHERIFF DEPARTMENT**
**ORANGE COUNTY**
**SANTA ANA, CALIFORNIA**

| JI# | ☐ N/A |
|-----|-------|

SANDRA HUTCHENS, SHERIFF - CORONER

## GRIEVANCE / GRIEVANCE APPEAL FORM
(Circle One)

Inmate's Name **Phillip Rosenberg**     Booking Number **2996969**
Housing Location **M-4-P.SP. Iso-3**     Date **Sept. 18, 2017**
Date of Incident **Court dates**   Time of Incident **7:00 p.m.**   Location of Incident **Court transfer**
Is grievance related to a disability?   Yes   **No**   (Circle one)

**Details of Incident (One Incident Per Form. Include dates, times, and names of those involved.)**
**Details should be brief and contained in this area**

This is an appeal of grievance log # MJ090317/0947.
Sgt. Liva didn't answer his constitution complaint, about being
denied access to the restroom, or offer up justification
with legitimate support, for why prisoner, simply due
some unusual episodes manofactured by staff or his
hole placement would require wearing restraints to court
only, in spite of him not having any assaultive behavior
at court or on the bridge there. Thus still an
investigation needs to transpire, a reconsideration of
the original constitutional nature of his scenario's
decided and damages asserted accordingly.

**STAFF RESPONSE**

Inmate Signature _Phillip Rosenberg_   Date **Sept. 15, 2017**   Time **8:00 p.m.**
Received By **SGT. B. GUNSOLLEY  5414**   Date **9/16/17**   Time **2200**
                Staff Name & PID # (Please Print)
Assigned To _____   Date _____
Response Returned to Inmate By _____   Date _____
☐ **Handled as Inmate Request**

**Do not write below this line.  For official use only.**

**Copies (JI# Only)**
1. Original scanned to Grievance Program.
2. Photo copy to inmate after signing (attesting to receiving form).
3. Photo copy to inmate when returning response.
4. Original to Jail Inmate Record File

☐ Grievance          ☐ Intake/Release Center
☐ Appeal Grievance   ☐ Central Men's Jail
☐ Inmate Services    ☐ Central Women's Jail
☐ Personnel Complaint ☐ James A. Musick
☐ Medical            ☐ Theo Lacy Facility
☐ Appeal Discipline

29



Exhibit #8

J1#    MJ081817/0130

## SHERIFF DEPARTMENT
## ORANGE COUNTY
## SANTA ANA, CALIFORNIA

Facility:    Central Men's Jail

SANDRA HUTCHENS, SHERIFF-CORONER                    **RECEIPT OF INMATE / DETAINEE GRIEVANCE**

---

### RECEIPT OF INMATE / DETAINEE GRIEVANCE

| | | | |
|---|---|---|---|
| Inmate's Name | ROSENBLUM, PHILLIP | Booking Number | 2996969 |
| Housing Location | MJ_DI_DI_03 | Date Grievance Received | 08/16/2017 |
| Date / Time of Incident | 07/04/2017 09:45 AM | Location of Incident | Dis-Iso |

Your Grievance has been assigned to Sergeant    Arredondo

#### SYNOPSIS OF GRIEVANCE FILED

On July 4, 2017, Rosenblum was involved in 2 fights. He is claiming deputies slammed his head against the wall and hit him on the side of his body when being escorted down from the top tier.

---

**THIS NOTICE SERVES ONLY TO DOCUMENT RECEIPT OF THE ABOVE GRIEVANCE. IT DOES NOT CONTAIN ANY STAFF RESPONSE OR RESOLUTION TO THE GRIEVANCE YOU HAVE FILED. STAFF INVESTIGATIONS INTO YOUR GRIEVANCE SHALL BE COMPLETED IN A REASONABLE TIME. REASONABLENESS WILL BE BASED ON THE TYPE AND SCOPE OF THE GRIEVANCE SUBMITTED. YOU WILL RECEIVE A WRITTEN RESPONSE UPON RESOLUTION OF THIS GRIEVANCE.**

**PER PBNDS, ALL GRIEVANCES FILED BY AN I.C.E. DETAINEE MUST BE ACTED ON WITHIN FIVE (5) WORKING DAYS OF RECEIPT.**

J191 (Rev. 02/11)

## INMATE / DETAINEE COPY

36



EXHIBIT I

**SHERIFF DEPARTMENT**
**ORANGE COUNTY**
**SANTA ANA, CALIFORNIA**

Facility:   Central Men's Jail

JI# MJ090517/1320

SANDRA HUTCHENS, SHERIFF-CORONER                    RESPONSE TO GRIEVANCE APPEAL

## RESPONSE TO GRIEVANCE APPEAL

| | | | |
|---|---|---|---|
| Inmate's Name | ROSENBLUM, PHILLIP | Booking Number | 2996969 |
| Housing Location | MJ  DI  DI  03 | Date Appeal Received | 11/20/2017 |
| Date / Time of Incident | 08/28/2017 06:00 AM | Location of Incident | |

Your Grievance has been assigned to Lieutenant        Gardner

### SYNOPSIS OF GRIEVANCE APPEAL

The initial complaint by inmate Rosenblum was that Deputy Blacskton allowed him to be assaulted by another inmate.  The supplemental complaint received October 1, 2017 made the same allegation with the addition that Rosenblum felt he was being slandered and harassed by other inmates in his housing location.

### STAFF RESPONSE TO GRIEVANCE APPEAL

On August 28, 2017 at about 0610 hours, inmate Rosenblum was involved in a fight with another inmate, then refused to comply with deputies orders to stop fighting, which required the deputies to use force on the inmates to stop the fight and restore order.  A review of the use of force was conducted and the amount of force used was found to be reasonable, necessary, and within department policy.

In this complaint inmate Rosenblum is accusing jail staff of an "institutional cover-up", that he was assaulted at the direction of jail staff, and then denied medical treatment after the incident.  Additionally, he is complaining that other inmates are slandering his name and harassing him.  After reviewing all the reports and video recordings, and performing a management review of this incident, I feel Rosenblum's first complaint is completely unsubstantiated.  I also found his second complaint to be vague, speculative, and without merit.  I recommend no further action be taken regarding this grievance other than a notice of disposition being provided to inmate Rosenblum.

J194 (Rev. 02/11)                    **INMATE / DETAINEE COPY**

31



Phillip Rosenblum BF-0331
Corcoran State Prison (3a-04-208)
P.O. Box 3461
Corcoran Co. 93717

CORCORAN
STATE PRISON

U.S. POSTAGE >> PITNEY BOWES
ZIP 93212 $ 002.05
02 1M
0001366349 MAY 25 2018

LEGAL MAIL

LEGAL MAIL

Attn: Clerk of Court for the
United States District Court
Central District of California
312 N. Spring St. Room G-8
Los Angeles CA. 90012

LEGAL MAIL

32