Phillip Rosenblum
FULL NAME

Corcoran State Prison
COMMITTED NAME (if different)

P.O. Box 3461
FULL ADDRESS INCLUDING NAME OF INSTITUTION

Corcoran Co. 93217
BF-0331
PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT
AUG - 9 2018
CENTRAL DISTRICT OF CA

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Phillip Rosenblum

PLAINTIFF,

v.

Deputy Blackstone

DEFENDANT(S).

CASE NUMBER
SA CV 18-00966-JVS (E)
To be supplied by the Clerk

First Amended Complaint

### CIVIL RIGHTS COMPLAINT
### PURSUANT TO (Check one)

■ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ■ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____1_____

   Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

The lawsuit encompassed slander and other sadistic actions that violated the 8th Amendment of the U.S. Constitution.

---

a. Parties to this previous lawsuit:
Plaintiff *Phillip Rosenblum*

Defendants *Los Angeles County Law Enforcement*

b. Court *United States District Court, Central District Of California*

c. Docket or case number *2:17-cv-07898 JVS-E*

d. Name of judge to whom case was assigned *District Court Judge Seinal Judge Eick*

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) *Dismissed as delusional/Fanciful allegations*

f. Issues raised: *Government Organized Stalking leading to slander, harrassment and violence*

g. Approximate date of filing lawsuit: *May 2017*

h. Approximate date of disposition *Sept. 2017*

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ■ Yes  ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ■ Yes  ☐ No

   If your answer is no, explain why not *See exhaustion of Administrative remedies discussion.*

3. Is the grievance procedure completed? ■ Yes  ☐ No

   If your answer is no, explain why not *See Exhaustion of Administrative remedies discussion.*

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff *Phillip Rosenblum*
(print plaintiff's name)

who presently resides at *Corcoran State Prison, P.O. Box 3461, Corcoran CA. 93217*.
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

*Orange County Jail, 550 N. Flower St, Santa Ana Ca. 92703*
(institution/city where violation occurred)

on (date or dates) _(See Actual Complaint)._ _____, _____
                        (Claim I)             (Claim II)            (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant  _John Doe #1_               resides or works at
             (full name of first defendant)

**Count one:**  _Orange County Jail, 550 N. Flower St. Santa Ana CA. 92703_
             (full address of first defendant)
             _Deputy Sheriff_
             (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ■ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:
_Working as a deputy sheriff for the County of Orange._

2.   Defendant  _John Doe #2_               resides or works at
             (full name of first defendant)

**Count one:**  _Orange County Jail, 550 N. Flower St. Santa Ana Co. 92703_
             (full address of first defendant)
             _Sheriff Deputy_
             (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ■ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:
_Working as a deputy sheriff for the county of orange_

3.   Defendant  _John Doe #3_               resides or works at
              (full name of first defendant)

**Count one:**  _Orange County Jail, 550 N. Flower St. Santa Ana Co. 92703_
             (full address of first defendant)
             _Sheriff Deputy_
             (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ■ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:
_Working as a deputy sheriff for the County of orange._

---

_Defendants_

1

2  # 4  Count one/Count two: Defendant Deputy Blackstone

3  · Orange County Jail 550 N. Flower st. Santa Ana Ca. 92703

4  Deputy Sheriff

5  is sued in his individual capacity

6  (color of law) working as a deputy sheriff for the county of

7  Orange

8

9  # 5  Count two: Defendant Deputy Smith

10  Orange County Jail 550 N. Flower st. Santa Ana Ca. 92703

11  Deputy Sheriff

12  is sued in his individual capacity

13  (color of law)
    Working as a sheriff deputy for the county of orange

14

15  # 6 Count two: Defendant Deputy porter

16  Orange County Jail 550 N. Flower st. Santa Ana Ca. 92703

17  Deputy sheriff

18  is sued in his individual capacity

19  (color of law) working as a sheriff deputy for the county of

20  orange

21

22  # 7 Count two: Defendant Deputy Serrano

23  Orange County Jail 550 N. Flower st. Santa Ana CA. 92703

24  Sheriff Deputy

25  is sued in his individual capacity

26  (color of law) working as a sheriff deputy for the county

27  of Orange

28                          Page 3a.

1    *Defendants*

2    #8 Count two: Defendant Deputy Owens

3    Orange County Jail 550 N. Flower st Santa Ana Ca. 92703

4    Sheriff Deputy

5    is sued in his individual capacity

6    (color of law) working as a sheriff deputy for the county of

7    orange

8

9    #9 Count two: Defendant Sgt. Arredondo

10    Orange County Jail 550 N. Flower st. Santa Ana Ca. 92703

11    Sheriff Deputy

12    is sued in his individual capacity

13    (color of law claim) working as a sheriff deputy for the

14    County of orange

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              Page 3b

1.   ~~Defendant~~  *See additional pages* _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____
_____

5.   ~~Defendant~~  *See additional pages* _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____
_____

·

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

Count one and Count two both violate the eighth Amendment of the U.S. Constitution as cruel and unusual punishment

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

COUNT ONE- The set-up fights

1. Plaintiff while housed in Orange County Jail was targeted for violence by Sheriff deputies at the jail. They engaged him in such violent acts, by recklessly housing and placing him in the vicinity of known enemies of his. Behind close doors sheriff deputies selected plaintiff to be housed next to his enemies knowing they had a previous record of violent altercations with them. Discovery will allow for plaintiff to uncover which specific deputy(s) had direct control over his movement and whom was purposefully placing him reckless next to these known enemies. These will be the liable deputies, plaintiff can't name them yet, because he is uncertain of whom they are.

2. Plaintiff upon returning to Orange County Jail for a Probation Violation in May of 2017, discussed with a housing deputy (Deputy Rigby, ▪ is not

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

THE COMPLAINT - COUNT ONE continued

a defendant in this matter) Deputy Rigby, he had ~~moved~~ inmate enemy concerns with multiple inmates in the main Jail, who attempted too or wanted to assault him. Because of these enemy concerns Deputy Rigby housed Plaintiff in J-mod, where he'd be safe in a cell behind protective glass, instead of the main Jail's cell bars that inmates can fight through, the protective glass you cannot.

3. On June, 30, 2017, Plaintiff was moved by reckless deputies from J-mod into the unsafe main jail. Plaintiff was initially housed below ~~~~ ~~~~ ~~~~ the tier of Michael Baker, who tells everyone Plaintiff is a "rat", because Plaintiff is a confidential informant on Michael Baker's case

4. On July, 2, 2017, and July, 3, 2017, Plaintiff filed grievances to be re-housed in the protective J-mod, away from his main jail enemies he listed in the grievances. The deputies in charge ignored these grievances instead re-housing him recklessly in the direct vicinity of his ~~~~ ~~~~ other known enemies in the main jail.

5. On July, 4, ~~2017~~ during the morning time Plaintiff was re-housed on the same tier and in direct vicinity of known enemy Alfredo ~~~~ Mikinna. Alfredo Mikinna had previously ~~~~ back in October of 2016, tried to razor slice Plaintiff through the main jail cell bars, and then ~~~~ threw bodily fluids at him. Upon approaching ~~~~ Mikinna's cell on July, 4, 2017, a fight broke out between the two. Plaintiff was re-housed due this fight, however next to further known enemies.

1

further known enemies.

6. In the evening time of July, 4, 2018, plaintiff was re-housed on the same tier as two known enemies of his Eric Salinas and Matthew Dragna. Salinas had tried to razor slice plaintiff through the bars back in October of 2016, and dragna was well tried to assault him in October. ~~the will person p~~ At this time when plaintiff approached there cells a fight broke out amongst the three, in which Matthew Dragna hit plaintiff multiple times on the head with a homemade stick resembling a mini-bat or a pipe.

7. The next set-up fight occurred on Sept. 23, 2017, when reckless deputies, this time placed plaintiff on the same tier as enemy Michael Baker. And when plaintiff approached his cell ofcourse a fight broke out between the two of them.

8. For now the housing deputies who facilitated there set-up fights will be labeled as John Doe #1, John Doe #2, John Doe #3.

9. Set-up fight number four happened on Aug. 28, 2017. This occurred by known enemy Raymond Boykin, who graffitti'd "Rosenblum is a snitch on the shower entrance door. Assisted in creating cardboard cut-out penises placed in front of plaintiff's cell door for harrassment purposes. And engaged plaintiff in numerous trash talking episodes for harrassment purposes. On Aug. 24, 2017, plaintiff was in front of inmate Boykin's cell door, and the two were having a shouting match, and Deputy Blackstone pulled plaintiff by his

The Complaint                        2

shirt collar off the door front and into a hallway area. So deputy Blackstone was aware of the tension between the two. And on Aug. 28, 2017, during morning court transfer, instead of keeping the two seperate, Deputy Blackstone authorized Plaintiff and Boykin to walk during the transfer right near each other. Plaintiff was cuffed behind his back without defense, and Boykin was in waste chain cuff's making striking an availability for him. Deputy Blackstone allowed Boykin during the escort to stand directly behind in an elevator. After Boykin walked behind Plaintiff down an escort passage that was without camera surveillance. Deputy Blackstone turned and walked and away from Plaintiff and Boykin and left the two unmonitored inside the elevator, and Boykin reached out and sliced Plaintiff's forearm with a razor blade.

## COUNT TWO. Excessive Force

10. On July 4, 2017, after Plaintiff's fight with inmate Dragna and Salinas, Plaintiff was restrained by at least three deputies Smith, Porter, and Serrano. These deputies immediately after the fight occurred used excessive force on plaintiff. The deputies while escorting Plaintiff off the tier applied breaking pressure to his wrist, causing a fracture and nerve damage to his right thumb area and wrist area. In addition to that these deputies hit Plaintiff in the head (off camera) while going down the stairs, and slammed his face against the wall (on camera).

The complaint

3

11. The next episode of excessive force occurred by Deputy Black-stone from the Aug.28,2017 set-up fight. After Plaintiff was sliced from behind by inmate Boykin, Plaintiff proceeded to kick at the wielding Boykin. Deputy Blackstone slammed Plaintiff's head into the elevator. Then the handcuffed behind his back Plaintiff kicked again at Boykin. Dep. Blackstone then grabbed the Plaintiff by the back of his head, toppled him, slamming him face first into the ground, causing six of his teeth to break, fracturing his jaw, and also causing a split in his chin needing four stitches

12. The final excessive force occurred by deputy Blackstone again and a deputy Owens on Sept.22,2017. On this date off digital camera in front of a Sgt. Arredondo (the lack of filming was intentionally done). Both Dep. Owens and Dep. Blackstone came inside of plaintiff's cell, and slammed him into the ground, hitting him multiple times on the ground attacking Plaintiff in his spine and slamming his head into the ground. It is alleged Sgt. Arredondo authorized this excessive force, because the cell extraction Dep. Owens and Dep. Blackstone performed was required to be on camera, but was intentionally not done and the sergeant was required to film the extraction but did not.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. There are stacks of administrative complaints within the Office of Internal affairs and Orange County District Attorney The Complaint

4

office, due the jails repeated ignoring of his grievances from these events in this complaint. As we see in a letter dated Oct. 8, 2017 to the orange County Sheriff's office of Internal affairs plaintiff complained of a disregard of these grievances from those episodes (see exhibit A, letter to Internal Affairs). Also plaintiff wrote to the District Attorney office and received response concerning these episodes (see exhibit's B-1 thru B-3, letter and response from D.A. office). In addition to this plaintiff filed grievances at the institutional level from the set-up fights on July 4, 2017 (Exhibit C) (that was never returned to him the response) and the set-up fight from Aug. 28, 2017 (Exhibit D) (that the second level never responded too).

14. Plaintiff also properly had a timely board of control form rejected by the county claims office concerning his state law violation complaint (Exhibit E).

Dated: Aug 2, 2018

Phillip Rosenblum

The Complaint                    5

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

Monetary Damages according to proof / or
1 million dollars in compensatory damages
1 million dollars in punitive damages

Aug. 2, 2018
*(Date)*

Phil + Rose
*(Signature of Plaintiff)*

Oct. 8, 2017

Atty. Internal Affairs

Exhibit A

Very unauthentic, and a large noticeable in the flagrant disregard for my protection over these serious misconduct issues being grossly unaddressed, or not notifying me.

Please address the following to your Public defendant or captain, and provide me with immediate notification and further exhaustion options.

1.) MSO89171/2220 - Getting in my items. Physically fingertip search, etc... all on camera. Not endorsed yet.

2.) MSO8127110130 - Clothing of known contact. Jumbo off tier, trying to cut my face. Complaints filed to be kept away and again still placed in vicinity resulting in weapon used against me, excessive force, and then a medical cover-up.

3. Complaint about Deputy Bain on 4 different occasions coming in my cell for intimidation, harassment, and retaliative purposes (I have dates & times).

That I mailed out to you via Public defender.

4. Placing me next to known enemy Michael Baker, who I'm a C.I. on, and who still exposed I'm a rat and presents a fight breaks out.

5. Aug. 28, 2017, authorization of a taser like attack from behind and excessive force resulting in serious multiple injury, being denied on camera. Multiple complaints/grievances not kept or answered.

Philip Restaskos (Btg.
O.C. Jail

Phil Restaskos
#2996968

Disp. Env. Etc.—

9-27-17

Exhibit 6-1

Dear Special Prosecutor,

This letter is written in regards to serious Criminal Constitutional violations that have happened at now.

First off, on July 2, 2017 & July 3, 2017, I submitted grievances to be kept away from Karen Eneroth, whom tried to cut my face, the jail staff ignored them entirely, and instead, housed me on two occasions in the same day right next to them, resulting in two separate bouts. I involving multiple weapons being used and excessive force, causing serious injury that was ignored. (occurring July 4, 2017).

Next they authorized another act of violence on Aug 28, 2017, by transporting me with a known enemy of mine, who sliced me with a razor blade from behind and then the officer-vising deputy used excessive force on me by slamming me into the ground and breaking at least 6 of my teeth, nevertheless. Additionally they had the audacity to deny receiving a razor blade even though it's on camera.

Again they facilitated another problem on Sept 23, 2017, by having me over my multiple objection, next to Michael Butler, who still excessive. I'm a cat, dut, paperwork. Showing I'm a cat, on his criminal matter (accused of killing his grandmother) And this a fight breaks out right away between us.

Additionally I have documentation of approximate 30 acts of food tampering, deputy testing all over my items on camera. Complete denial of law library.

Exhibit B->

research and outdoor recreation for mental stimulus.

Denial of medical care, including hearing aids.

Court order for such.

Psychological harassment/torture by staff, and other acts of abuse/excessive force.

Chronic slander, profanity, sexual harassment, and other attempts to place me next to known enemies on mainline or other acts of retaliation by deputies.

Annoyance of eavesdropping and entrapment.

Retaliation searches of my cell up to approximately 7 to 8 times (more than anyone else in the jail.)

Illegal use of mechanical restraints for harassment purposes.

Repeated mail tampering and interception.

* most of my complaints has been so inherently absurd, overstated, disregarded. Failure to investigate, it now mandates immediate attention by the D.A. office for an ethical oversight and investigation.

Sincerely,

Phillip O'Rosey

Phillip Rosenblum Esq # 398959
O.C. Jail
550 N. Flower St.
Santa Ana Ca 92703

2.



OFFICE OF THE *Exhibit B-3*

# DISTRICT ATTORNEY

## ORANGE COUNTY, CALIFORNIA

### TONY RACKAUCKAS

**JIM TANIZAKI**
CHIEF ASSISTANT D.A.

**JOSEPH D'AGOSTINO**
SENIOR ASSISTANT D.A.
GENERAL FELONIES/
ECONOMIC CRIMES

**MICHAEL LUBINSKI**
SENIOR ASSISTANT D.A.
SPECIAL PROJECTS

**JAIME COULTER**
SENIOR ASSISTANT D.A.
BRANCH COURT OPERATIONS

**SCOTT ZIDBECK**
SENIOR ASSISTANT D.A.
VERTICAL PROSECUTIONS/
VIOLENT CRIMES

**JENNY QIAN**
DIRECTOR
ADMINISTRATIVE SERVICES

**SUSAN KANG SCHROEDER**
CHIEF OF STAFF

October 27, 2017

Phillip Rosenblum
Booking #2996969
Orange County Jail
550 N. Flower St
Santa Ana, CA  92703

Dear Mr. Rosenblum,

The Orange County District Attorney's Office is receipt of your letters dated September 16, 2017 and September 27, 17.  In reviewing your court record ("Vision"), it appears you have been provided a private investigator.  Please provide the details of your allegations to him, including specific dates and times of the alleged incidents, along with the names of the parties involved, if you know them, and any evidence you have in your possession to corroborate your allegations. Additionally, if you have reported the incidents to the Jail Sergeant, please provide your investigator with that information, as well.  If you have not made any formal complaints to the Jail Sergeant, then you should consider doing so in order to make them aware of your plight.  Lastly, the grievances alleged with regard to the Jail's failure to follow the Court's orders should be addressed in court, after giving proper notice to the County Counsel.

Sincerely,

Special Prosecutions Unit
Orange County District Attorney's Office

REPLY TO: ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE

WEB PAGE: http://orangecountyda.org/

☒ MAIN OFFICE
401 CIVIC CENTER DR W
P.O. BOX 808
SANTA ANA, CA 92701
(714) 834-3600

☐ NORTH OFFICE
1275 N. BERKELEY AVE.
FULLERTON, CA 92832
(714) 773-4480

☐ WEST OFFICE
8141 13TH STREET
WESTMINSTER, CA 92683
(714) 896-7261

☐ HARBOR OFFICE
4601 JAMBOREE RD.
NEWPORT BEACH, CA 92660
(949) 476-4650

☐ JUVENILE OFFICE
341 CITY DRIVE SOUTH
ORANGE, CA 92868
(714) 935-7624

☐ CENTRAL OFFICE
401 CIVIC CENTER DR  W
P.O. BOX 808
SANTA ANA, CA 92701
(714) 834-3952



*Exhibit C*

JI# MJ081817/0130

**SHERIFF DEPARTMENT**
**ORANGE COUNTY**
**SANTA ANA, CALIFORNIA**

Facility:    Central Men's Jail

**SANDRA HUTCHENS, SHERIFF-CORONER**                    RECEIPT OF INMATE / DETAINEE GRIEVANCE

---

### RECEIPT OF INMATE / DETAINEE GRIEVANCE

| | | | |
|---|---|---|---|
| Inmate's Name | ROSENBLUM, PHILLIP | Booking Number | 2996969 |
| Housing Location | MJ_DI_DI_03 | Date Grievance Received | 08/16/2017 |
| Date / Time of Incident | 07/04/2017 09:45 AM | Location of Incident | Dis-Iso |

Your Grievance has been assigned to Sergeant     Arredondo

| SYNOPSIS OF GRIEVANCE FILED |
|---|
| On July 4, 2017, Rosenblum was involved in 2 fights. He is claiming deputies slammed his head against the wall and hit him on the side of his body when being escorted down from the top tier. |

**THIS NOTICE SERVES ONLY TO DOCUMENT RECEIPT OF THE ABOVE GRIEVANCE. IT DOES NOT CONTAIN ANY STAFF RESPONSE OR RESOLUTION TO THE GRIEVANCE YOU HAVE FILED. STAFF INVESTIGATIONS INTO YOUR GRIEVANCE SHALL BE COMPLETED IN A REASONABLE TIME. REASONABLENESS WILL BE BASED ON THE TYPE AND SCOPE OF THE GRIEVANCE SUBMITTED. YOU WILL RECEIVE A WRITTEN RESPONSE UPON RESOLUTION OF THIS GRIEVANCE.**

**PER PBNDS, ALL GRIEVANCES FILED BY AN I.C.E. DETAINEE MUST BE ACTED ON WITHIN FIVE (5) WORKING DAYS OF RECEIPT.**

J191 (Rev. 02/11)

**INMATE / DETAINEE COPY**



**SHERIFF DEPARTMENT**
**ORANGE COUNTY**
**SANTA ANA, CALIFORNIA**

Facility:   Central Men's Jail

JI# MJ090517/1320

SANDRA HUTCHENS, SHERIFF-CORONER

RESPONSE TO GRIEVANCE APPEAL

## RESPONSE TO GRIEVANCE APPEAL

| | | |
|---|---|---|
| Inmate's Name | ROSENBLUM, PHILLIP | Booking Number | 2996969 |
| Housing Location | MJ DI DI 03 | Date Appeal Received | 11/20/2017 |
| Date / Time of Incident | 08/28/2017 06:00 AM | Location of Incident | |

Your Grievance has been assigned to Lieutenant     Gardner

### SYNOPSIS OF GRIEVANCE APPEAL

The initial complaint by inmate Rosenblum was that Deputy Blacskton allowed him to be assaulted by another inmate.  The supplemental complaint received October 1, 2017 made the same allegation with the addition that Rosenblum felt he was being slandered and harassed by other inmates in his housing location.

### STAFF RESPONSE TO GRIEVANCE APPEAL

On August 28, 2017 at about 0610 hours, inmate Rosenblum was involved in a fight with another inmate, then refused to comply with deputies orders to stop fighting, which required the deputies to use force on the inmates to stop the fight and restore order.  A review of the use of force was conducted and the amount of force used was found to be reasonable, necessary, and within department policy.

In this complaint inmate Rosenblum is accusing jail staff of an "institutional cover-up", that he was assaulted at the direction of jail staff, and then denied medical treatment after the incident.  Additionally, he is complaining that other inmates are slandering his name and harassing him.  After reviewing all the reports and video recordings, and performing a management review of this incident, I feel Rosenblum's first complaint is completely unsubstantiated.  I also found his second complaint to be vague, speculative, and without merit.  I recommend no further action be taken regarding this grievance other than a notice of disposition being provided to inmate Rosenblum.

**INMATE / DETAINEE COPY**

J194 (Rev. 02/11)

*Exhibit E*



## COUNTY OF ORANGE
## COUNTY EXECUTIVE OFFICE

- Safety & Loss Prevention Program
- Workers' Compensation Program
- Liability Claims Management Program
- Administration & Financial Management
- Insurance/Contracts & Commercial Insurance
- ADA II Public Access Compliance

**OFFICE OF RISK MANAGEMENT**

Telephone: (714) 285-5500
FAX: (714) 285-5599

February 23, 2018

Phillip Rosenblum (BF-0331)
CHCF
PO Box 32110
Stockton CA 95213

Re:  Claimant: Phillip Rosenblum (BF-0331)
      Date of Loss: 07/04/2017
      Claim Number: 20180016

Dear Mr. Rosenblum:

Please be advised that investigation of the above-matter has been completed. Investigation disclosed no negligence on behalf of the County of Orange. In view of the facts, we have no recourse but to disclaim any liability on behalf of the County of Orange.

Notice is hereby given that the claim you presented on, on 01/02/18, is rejected by operations of law.

WARNING: "Subject to certain exceptions, you have only six months from the date this
              notice was personally delivered or deposited in the mail to file a court
              action on this claim. See Government Code, Section 945.6."

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Sincerely,

Joe Navarro
Claims Representative
(714) 285-5516

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Phillip Rosenblum

vs.

Deputy Blackstone

Case #: SA CV 18-00966-JVS(E)

PROOF OF SERVICE

I, Phillip J. Rosenblum on Aug. 2, 2018, did serve the attached First Amended complaint. I did so by using the prison-mailbox rule, by turning over said document to prison officials for deposit in the U.S. mail. This occurred at Corcoran state prison and was served on the below parties.

Attn: Clerk of court

United States District Court

Central District of California

255 East Temple St. Room 180

Los Angeles CA. 90012

I declare under Penalty of Perjury that the foregoing is true.

Phil J Rose

Corcoran State Prison

P.O. Box 3481

Corcoran CA. 93217

LEGAL

MAIL

Attn: Clerk of Court

United States District Court

Central District of California

255 East Temple St Room 180

Los Angeles CA. 90012



CLERK, U.S. DISTRICT COURT
RECEIVED
AUG - 8 2018
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

CLERK, U.S. DISTRICT COURT
RECEIVED
AUG - 9 2018
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY



LEGAL MAIL

MBlindley LTA 8/3/18