_Phillip Rosenblum_
FULL NAME

_Corcoran State Prison_
COMMITTED NAME (if different)

_P.O. Box 3461_
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_Corcoran CA. 93217_

_BF-0331_
PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT

MAR 2 6 2019

CENTRAL DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

_Phillip Rosenblum_

PLAINTIFF,

v.

_Joseph Blackstone_

DEFENDANT(S).

CASE NUMBER

_SA CV 18-00966-JVS(E)_
To be supplied by the Clerk

_Second Amended Complaint_

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____1_____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   _This lawsuit encompassed slander and other sadistic actions_
   _that violated the 8th Amendment of the U.S. Constitution._

---

**CIVIL RIGHTS COMPLAINT**

a. Parties to this previous lawsuit:
Plaintiff _Phillip Rosenblum_

Defendants _Los Angeles County, Law Enforcement_

b. Court _United States District Court, Central District of California_

c. Docket or case number _2:17-cv-02898 JVS (E)_

d. Name of judge to whom case was assigned _District Court Judge Selno/Judge Eick_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _Dismissed as delusional/fanciful allegations_

f. Issues raised: _Government organized stalking leading to slander, harrassment and violence_

g. Approximate date of filing lawsuit: _May. 2017_

h. Approximate date of disposition _Sept. 2017_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ■ Yes  ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ■ Yes  ☐ No

   If your answer is no, explain why not _See exhaustion of Administrative remedies discussion in complaint._

3. Is the grievance procedure completed? ■ Yes  ☐ No

   If your answer is no, explain why not _See exhaustion of Administrative remedies discussion in complaint._

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Phillip Rosenblum_
(print plaintiff's name)

who presently resides at _Corcoran State Prison, P.O. Box 3461, Corcoran CA. 93212_,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_Orange County Jail, 550 N. Flower St. Santa Ana CA. 92703_
(institution/city where violation occurred)

on (date or dates) *See Actual Complaint* _____, _____.
                                    (Claim I)                              (Claim II)                              (Claim III)

**NOTE:**     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant *John Doe #1* _____ resides or works at
                      (full name of first defendant)

     *Count*     *Orange County Jail, 550 N. Flower St. Santa Ana CA. 92703*
     *One:*      (full address of first defendant)

                 *Deputy Sheriff*
                 (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ■ individual    ☐ official capacity.

     Explain how this defendant was acting under color of law:

     *Working as a deputy Sheriff for the County of Orange*
     _____

2.   Defendant *John Doe #2* _____ resides or works at
                      (full name of first defendant)

     *Count*     *Orange County Jail, 550 N. Flower St. Santa Ana Co. 92703*
     *One:*      (full address of first defendant)

                 *Deputy Sheriff*
                 (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ■ individual    ☐ official capacity.

     Explain how this defendant was acting under color of law:

     *Working as a deputy Sheriff for the County of Orange*
     _____

3.   Defendant *John Doe #3* _____ resides or works at
                      (full name of first defendant)

     *Count*     *Orange County Jail, 550 N. Flower St. Santa Ana CA. 92703*
     *One*       (full address of first defendant)

                 *Sheriff Deputy*
                 (defendant's position and title, if any)

     The defendant is sued in his/her (Check one or both): ■ individual    ☐ official capacity.

     Explain how this defendant was acting under color of law:

     *Working as a deputy Sheriff for the County of Orange*
     _____

4. Defendant _John Doe #4_ _____ resides or works at
   (full name of first defendant)

_Count_
_One_  _Orange County Jail, 550 N. Flower St. Santa Ana CA. 92703_
       (full address of first defendant)

       _0 Sergeant_
       (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_Working as a supervising Sheriff for the County of Orange_

5. Defendant _John Doe #5_ _____ resides or works at

       (full name of first defendant)

       _Orange County Jail, 550 N. Flower St. Santa Ana CA. 92703_
       (full address of first defendant)

       _Sergeant_
       (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_Working as a supervising Sheriff for the County of Orange_

#6. Count one: Defendant: Sergeant Martinez

Orange County Jail 550 N. Flower St. Santa Ana CA. 92703

Sergeant

is sued in his individual capacity

(color of law) working as a supervising Sheriff for the

County of Orange

#7 Count one: Defendant: Sergeant Walehwo

Orange County Jail 550 N. Flower St. Santa Ana CA. 92703

Sergeant

is sued in his individual capacity

(color of law) working as a supervising Sheriff for the

County of Orange

DEFENDANTS continued:

#8 Count one / Count two: Defendant Deputy Joseph Blackstone

Orange County Jail 550 N. Flower St. Santa Ana CA. 92703

Deputy Sheriff

is sued in his individual capacity

(color of law) working as a deputy Sheriff for the county of

orange

#9 Count two: Defendant Deputy Erik Porter

Orange County Jail 550 N. Flower St. Santa Ana CA. 92703

Deputy Sheriff

is sued in his capacity

(color of law) working as a sheriff deputy for the county

of orange

#10 County two: Defendant Deputy Daniel Serrano

Orange County Jail 550 N. Flower St. Santa Ana CA. 92703

Deputy Sheriff

is sued in his individual capacity

(color of law) working as a sheriff deputy for the county

of orange

#11 Count two: Defendant Deputy Jason Owens

Orange County Jail 550 N. Flower St. Santa Ana CA. 92703

Deputy Sheriff

is sued in his individual capacity

(color of low) working as a sheriff deputy for the county of orange.

Page 40

<u>Defendants Continued:</u>

#12 Count two: Defendant Sergeant Everardo Arrendondo

Orange County Jail 550 N. Flower St. Santa Ana CA. 92703

supervising sheriff Deputy

is sued in his individual capacity

(color of law) working as a sheriff deputy for the

County of Orange

Page 4b.

D. CLAIMS*

CLAIM I

The following civil right has been violated:

- Count one and Count two both violate the eighth Amendment of the U.S. constitution as cruel and Unusual punishment
- Count one violates state law as the defendants displayed "willful negligence," "gross negligence," "negligence" and "wanton misconduct"
- Count two violates state law as to Defendant Joseph Blackstone only as his actions displayed "willful negligence," "gross negligence," "negligence" and "wanton misconduct."

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Count ONE- The set-up Fights

1. Plaintiff while housed in Orange County Jail was targeted for violence by sheriff deputies at the jail. They engaged him in such violent acts, by recklessly housing and placing him in the vicinity of known enemies of his. Behind closed doors sheriff deputies selected plaintiff to be housed next to his enemies knowing they had a previous record of violent altercations with them. Discovery will allow for plaintiff to uncover which specific deputy(s) had direct control over his movement and whom was purposefully placing him recklessly next to these known enemies. These will be the liable deputies. Plaintiff can't name them yet, because he is uncertain of whom they are.

2. Plaintiff upon returning to Orange County jail for a probation

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

• Monetary Damages according to proof/or

• 1 million dollars in compensatory damages

• 1 million dollars in punitive damages

Feb. 19, 2019                    Phil J Rose

_(Date)_                    _(Signature of Plaintiff)_

THE COMPLAINT - COUNT ONE continued

violation in May of 2017, discussed with a housing deputy (Deputy Rigby is not a defendant in this matter) Deputy Rigby, he had inmate enemy concerns with multiple inmates in the main jail, who attempted too or wanted to assault him. Because of these enemy concerns Deputy Rigby housed plaintiff in J-mod, where he'd be safe in a cell behind protective glass, instead of the main jail's cell bars that inmates can fight through the protective glass you cannot.

3. On June 30, 2017, plaintiff was moved by reckless deputies from J-mod into the unsafe main jail. Plaintiff was initially housed below the tier of Michael Baker, who tells everyone plaintiff is a "rat," because plaintiff is a confidential informant on Michael Baker's case.

4. On July 2, 2017 and July 3, 2017, plaintiff filed grievances to be re-housed in the protective J-mod, away from his main jail enemies he listed in the grievances. The two sergeants in charge of grievance responses recklessly failed to respond to these grievances. Instead plaintiff was re-housed in the direct viscinity of other known enemies in the main jail. These two supervisor sergeants whom recklessly disregarded these grievances on July 2, 2017, and July 3, 2017, should be labeled as defendants John Doe #4, and John Doe #5 (since there identities are unknown to plaintiff until discovery reveals this).

5. On July 4, 2017, during the morning time plaintiff was re-housed on the same tier and in direct viscinity of known enemy Alfredo Mikinno. Alfredo Mikinno had previously back in October of 2016, tried to razor slice plaintiff through the main jail cell bars, and then threw bodily fluids at him. Upon approaching Mikinno's cell on July 4, 2017, a fight broke out between the two. Plaintiff was re-housed due this fight, however next to further known enemies.

6. In the evening time of July 4, 2018, plaintiff was re-housed on the same tier as two known enemies of his Eric Solinos and Matthew Dragno. Solinos had tried to razor slice plaintiff through the bars back in october of 2016, and Dragno as well tried to assault him in October. At this time when plaintiff approached there cells a fight broke out amongst the three, in which Matthew Dragno hit plaintiff multiple times on the head with a homemade stick resembling a mini-bat or a pipe.

7. The next setup fight occurred on Sept. 23, 2017, when reckless deputies, this time placed plaintiff on the same tier as enemy michael Boker. And when plaintiff approached his cell ofcourse a fight broke out between the two of them. Plaintiff had a grievance screened out by a Sgt. Walehwa on Sept. 12, 2017, where plaintiff requested to not be placed in the viscinity of michael Boker, due the potential of violence to break out, but Sgt. Walehwa recklessly disregarded

The Complaint, continued
2

this grievance, thus is properly a defendant in this matter.

8. For now, the housing deputies who facilitated these set-up fights will be labeled as John Doe #1, John Doe #2, and John Doe #3.

9. Set-up fight number four happened on Aug. 28, 2017. This occurred by known enemy Raymond Boykin, who graffitti'd "Rosenblum is a snitch," on the shower entrance door. Assisted in creating cardboard cut-out penises placed in front of plaintiff's cell door for harrassment purpose. And engaged plaintiff in numerous trash talking episodes for harrassment purposes. Plaintiff filed a grievance concerning enemy Boykin's harrassing measures towards plaintiff that was assigned to a sergeant Martinez. Martinez recklessly disregarded this grievance by returning it to plaintiff on Aug. 6, 2017 unanswered, telling plaintiff it does not make sense. For failing to investigate this harrassment Sgt. Martinez is properly labeled a defendant, due to the resulting violent altercation that occurred between plaintiff and enemy Boykin. On Aug. 24, 2017, plaintiff was in front of inmate Boykin's cell door, and the two were having a shouting match and Deputy Blackstone pulled plaintiff by his shirt collar off the door front and into a hallway area. So deputy Blackstone was aware of the tension between the two. And on Aug. 28, 2017 during morning court transfer, instead of keeping the two seperate, Deputy Blackstone authorized plaintiff and Boykin to walk during the transfer right near

The complaint continued                    3

each other. Plaintiff was cuffed behind his back without defense, and Boykin was in waste chain cuffs making striking on availability ~~the~~ for him. Deputy Blackstone allowed Boykin during the escort to stand directly ~~behind~~ behind Plaintiff in an elevator after Boykin walked behind plaintiff down an escort passage that was without camera surveillance. Deputy Blackstone turned and walked away from plaintiff and Boykin and left the two unmonitored inside the elevator, and Boykin reached out and sliced plaintiff's forearm with a razor blade.

## COUNT TWO, EXCESSIVE FORCE

10. On July, 4, 2017, after plaintiff's fight with inmate Drayne and Solinas, plaintiff was restrained by at least three deputies, Smith, Porter, and Serrano. These deputies immediately after the fight occurred used excessive force on plaintiff. The deputies while escorting plaintiff off the tier applied breaking pressure to his wrist, causing a fracture and nerve damage to his right thumb area and wrist area. In addition to that these deputies hit plaintiff in the head (off camera) while going down the stairs, and slammed his face against the wall (on camera).

11. The next episode of excessive force occurred by Deputy Blackstone from the Aug. 28, 2017 set-up fight. After plaintiff was sliced from behind by inmate Boykin plaintiff proceeded to kick at the wielding Boykin. Deputy Blackstone slammed plaintiff's head into the elevator. Then

The Complaint, Continued

the handcuffed behind his back Plaintiff kicked again at Boykin.
Dep. Blackstone then grabbed the Plaintiff by the back of his
head, toppled him, slamming him face first into the ground,
causing six of his teeth to break, fracturing his jaw.
and also causing a split of his chin needing four stitches

12. The final excessive occurred by deputy Blackstone again
and a deputy Owens on sept. 22, 2017. On this date, off
digital camera in front of a sgt. Arrendondo (the lack of
filming was intentionally done). Both Dep. Owens and Dep.
Blackstone came inside of plaintiff's cell, and slammed him
into the ground, hitting him multiple times on the ground
attacking plaintiff in his spine and slamming his head into
the ground. It is alleged sgt. Arrendondo authorized this
excessive force, because the cell extraction Dep. Owens and
Dep. Blackstone performed was required to be on camera,
but was intentionally not done, and the sergeant was
required to film the extraction but did not.

State Law Causes of Action

13. Aside from the federal constitutional violations discussed
in this complaint, Plaintiff ~~bring's~~ also bring's state law
claim's unto count one and count two. This is grounded
in tort liability and state law violations unto each
defendant who through "willful negligence," "gross
negligence," "negligence," and "wanton misconduct" did
in fact set plaintiff to fight against known enemies

The Complaint, continued                    5

as discussed throughout Count one. As to Count two, Plaintiff
Daly accusses one defendant Joseph Blackstone for state tort
state law violations of "willful negligence," "gross negligence,"
"negligence," and "wanton misconduct," for his ~~actions actions~~
actions resulting in serious injury to Plaintiff during
his takedown of Plaintiff after the Boykin altercation.
Plaintiff properly brings State law Claims in this
matter under the principles of res judicata. And
Plaintiff properly pursued these state tort claims by
filing a Goverment claim form, with the County Board
Board of supervisor's ~~office~~ that was timely filed and
then rejected on Feb. 23, 2018 (See exhibit, A, Goverment
Claim's rejection notice).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. There are stacks of administrative complaints within the
Office of Internal Affairs and Orange County District
Attorney office, due the Jails repeated ignoring of his
grievances from these events in this complaint. As we
see in a letter dated Oct. 8, 2017 to the Orange County
Sheriff's office of Internal Affairs Plaintiff complained
of a disregard of these grievances from these episodes
(see exhibit B, letter to Internal Affairs). Also plaintiff
wrote to the District Attorney Office and received
response concerning these episodes (see exhibit's C-1 thru
C-3, letter and response from D.A. Office). In addition
to this plaintiff filed grievances at the institutional level
From the set-up Fights on July, 4, 2017 (Exhibit D) (that

1  was never returned to him the response) and the set-up
2  fight from Aug. 28, 2017 (Exhibit E) (that the second level
3  never responded too).

5  I declare under penalty of perjury that the
6  foregoing is true and correct. Executed at Corcoran
7  California on Feb. 19, 2019

8                                    Phil J Rose
9                                    Phillip Rosenblum

The Complaint, Continued                7



*Exhibit A*



**COUNTY OF ORANGE**
# COUNTY EXECUTIVE OFFICE

* Safety & Loss Prevention Program
* Workers' Compensation Program
* Liability Claims Management Program
* Administration & Financial Management
* Insurance/Contracts & Commercial Insurance
* ADA II Public Access Compliance

**OFFICE OF RISK MANAGEMENT**

Telephone:  (714) 285-5500
FAX:  (714) 285-5599

February 23, 2018

Phillip Rosenblum (BF-0331)
CHCF
PO Box 32110
Stockton CA 95213

Re:  Claimant: Phillip Rosenblum (BF-0331)
     Date of Loss: 07/04/2017
     Claim Number: 20180016

Dear Mr. Rosenblum:

Please be advised that investigation of the above-matter has been completed. Investigation disclosed no negligence on behalf of the County of Orange. In view of the facts, we have no recourse but to disclaim any liability on behalf of the County of Orange.

Notice is hereby given that the claim you presented on, on 01/02/18, is rejected by operations of law.

WARNING: "Subject to certain exceptions, you have only six months from the date this
         notice was personally delivered or deposited in the mail to file a court
         action on this claim. See Government Code, Section 945.6."

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Sincerely,

Joe Navarro
Claims Representative
(714) 285-5516

Exhibit E 3

OFFICE OF THE

# DISTRICT ATTORNEY

## ORANGE COUNTY, CALIFORNIA

### TONY RACKAUCKAS

**JIM TANIZAKI**
CHIEF ASSISTANT D.A.

**JOSEPH D'AGOSTINO**
SENIOR ASSISTANT D.A.
GENERAL FELONIES/
ECONOMIC CRIMES

**MICHAEL LUBINSKI**
SENIOR ASSISTANT D.A.
SPECIAL PROJECTS

**JAIME COULTER**
SENIOR ASSISTANT D.A.
BRANCH COURT OPERATIONS

**SCOTT ZIDBECK**
SENIOR ASSISTANT D.A.
VERTICAL PROSECUTIONS/
VIOLENT CRIMES

**JENNY QIAN**
DIRECTOR
ADMINISTRATIVE SERVICES

**SUSAN KANG SCHROEDER**
CHIEF OF STAFF

October 27, 2017

Phillip Rosenblum
Booking #2996969
Orange County Jail
550 N. Flower St
Santa Ana, CA 92703

Dear Mr. Rosenblum,

The Orange County District Attorney's Office is receipt of your letters dated September 16, 2017 and September 27, 17.  In reviewing your court record ("Vision"), it appears you have been provided a private investigator.  Please provide the details of your allegations to him, including specific dates and times of the alleged incidents, along with the names of the parties involved, if you know them, and any evidence you have in your possession to corroborate your allegations. Additionally, if you have reported the incidents to the Jail Sergeant, please provide your investigator with that information, as well.  If you have not made any formal complaints to the Jail Sergeant, then you should consider doing so in order to make them aware of your plight.  Lastly, the grievances alleged with regard to the Jail's failure to follow the Court's orders should be addressed in court, after giving proper notice to the County Counsel.

Sincerely,

Special Prosecutions Unit
Orange County District Attorney's Office

REPLY TO: ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE

WEB PAGE: http://orangecountyda.org/

☒ **MAIN OFFICE**
401 CIVIC CENTER DR W
P.O. BOX 808
SANTA ANA, CA 92701
(714) 834-3600

☐ **NORTH OFFICE**
1275 N. BERKELEY AVE.
FULLERTON, CA 92832
(714) 773-4480

☐ **WEST OFFICE**
8141 13TH STREET
WESTMINSTER, CA 92683
(714) 896-7261

☐ **HARBOR OFFICE**
4601 JAMBOREE RD.
NEWPORT BEACH, CA 92660
(949) 476-4650

☐ **JUVENILE OFFICE**
341 CITY DRIVE SOUTH
ORANGE, CA 92868
(714) 935-7624

☐ **CENTRAL OFFICE**
401 CIVIC CENTER DR. W
P.O. BOX 808
SANTA ANA, CA 92701
(714) 834-3952

*Exhibit P*



### SHERIFF DEPARTMENT
### ORANGE COUNTY
### SANTA ANA, CALIFORNIA

Facility:   Central Men's Jail

**SANDRA HUTCHENS, SHERIFF-CORONER**          **RECEIPT OF INMATE / DETAINEE GRIEVANCE**

---

#### RECEIPT OF INMATE / DETAINEE GRIEVANCE

| | | | |
|---|---|---|---|
| Inmate's Name | ROSENBLUM, PHILLIP | Booking Number | 2996969 |
| Housing Location | MJ_DI_DI_03 | Date Grievance Received | 08/16/2017 |
| Date / Time of Incident | 07/04/2017 09:45 AM | Location of Incident | Dis-Iso |

Your Grievance has been assigned to Sergeant      Arredondo

---

**SYNOPSIS OF GRIEVANCE FILED**

On July 4, 2017, Rosenblum was involved in 2 fights. He is claiming deputies slammed his head against the wall and hit him on the side of his body when being escorted down from the top tier.

---

THIS NOTICE SERVES ONLY TO DOCUMENT RECEIPT OF THE ABOVE GRIEVANCE.  IT DOES NOT CONTAIN ANY STAFF RESPONSE OR RESOLUTION TO THE GRIEVANCE YOU HAVE FILED.  STAFF INVESTIGATIONS INTO YOUR GRIEVANCE SHALL BE COMPLETED IN A REASONABLE TIME.  REASONABLENESS WILL BE BASED ON THE TYPE AND SCOPE OF THE GRIEVANCE SUBMITTED.  YOU WILL RECEIVE A WRITTEN RESPONSE UPON RESOLUTION OF THIS GRIEVANCE.

PER PBNDS, ALL GRIEVANCES FILED BY AN I.C.E. DETAINEE MUST BE ACTED ON WITHIN FIVE (5) WORKING DAYS OF RECEIPT.

J191 (Rev. 02/11)              **INMATE / DETAINEE COPY**



EXHIBIT E

SHERIFF DEPARTMENT
ORANGE COUNTY
SANTA ANA, CALIFORNIA

Facility:    Central Men's Jail

JI# MJ090517/1320

**SANDRA HUTCHENS, SHERIFF-CORONER**

RESPONSE TO GRIEVANCE APPEAL

## RESPONSE TO GRIEVANCE APPEAL

| | | | |
|---|---|---|---|
| Inmate's Name | ROSENBLUM, PHILLIP | Booking Number | 2996969 |
| Housing Location | MJ DI DI 03 | Date Appeal Received | 11/20/2017 |
| Date / Time of Incident | 08/28/2017 06:00 AM | Location of Incident | |

Your Grievance has been assigned to Lieutenant          Gardner

### SYNOPSIS OF GRIEVANCE APPEAL

The initial complaint by inmate Rosenblum was that Deputy Blacskton allowed him to be assaulted by another inmate. The supplemental complaint received October 1, 2017 made the same allegation with the addition that Rosenblum felt he was being slandered and harassed by other inmates in his housing location.

### STAFF RESPONSE TO GRIEVANCE APPEAL

On August 28, 2017 at about 0610 hours, inmate Rosenblum was involved in a fight with another inmate, then refused to comply with deputies orders to stop fighting, which required the deputies to use force on the inmates to stop the fight and restore order. A review of the use of force was conducted and the amount of force used was found to be reasonable, necessary, and within department policy.

In this complaint inmate Rosenblum is accusing jail staff of an "institutional cover-up", that he was assaulted at the direction of jail staff, and then denied medical treatment after the incident. Additionally, he is complaining that other inmates are slandering his name and harassing him. After reviewing all the reports and video recordings, and performing a management review of this incident, I feel Rosenblum's first complaint is completely unsubstantiated. I also found his second complaint to be vague, speculative, and without merit. I recommend no further action be taken regarding this grievance other than a notice of disposition being provided to inmate Rosenblum.

**INMATE / DETAINEE COPY**

J194 (Rev. 02/11)

Atto: Internal Affairs.

Very unauthentic, and no longer acceptable is the flagrant disregard for my grievances over these serious misconduct issues being ignored, unanswered, or not notifying me.

Please address the following to your senior assistant or captain, and provide me with immediate notification and further exhaustion option,

1. MJ0912171/2220 - Spitting on my items, physically suggestive search, etc... all on camera - Not answered yet.

2. MJ081817/0130 - Continuing of known enemies jumping off tier, trying to cut my face - Complaints filed to be kept away and again still placed in vicinity resulting in weapons used against me, excessive force, and then a medical cover-up.

3. Complaint about Dep Owen's on 4 different occassion's coming in my cell, for intimidation, harrassment, and assaultive purposes (I have dates & times). That I mailed out to you via public defender!

4. Placing me next to known enemy Michael Baker, who I'm a C.I. on, and who tells everyone I'm a rat, and offcourse a fight breaks out.

5. Aug. 28, 2017, authorization of a razor slice attack from behind, and excessive force resulting in serious multiple injury, being denied all on camera. Multiple complaints/grievances not logged or answered.

Phil o' Rose

Phillip Rosenblum BKg
O.C. Jail          #2996969
          Disp. Iso-Irc-7

Dear Special Prosecutor,

This letter is written in regards to severe criminal constitutional violation's that have heavy weight at now.

First off on July 2, 2017 & July 3, 2017, I submitted grievances to be kept away from known enemies, whom tried to cut my face, the jail staff ignored them entirely, and instead housed me on two occassions on the same day right next to them, resulting in two separate bout's involving multiple weapon's being used and excessive force, causing serious injury that was ignored. (occurring July. 4, 2017).

Next they authorized another act of violence on Aug. 28, 2017, by transporting me with a known enemy of mine, who sliced me with a razor blade from behind and then the supervising deputy used excessive force on me by slamming me into the ground and breaking at least 6 of my teeth, stitches, etc. Additionally they had the audacity to deny seeing a razor blade even though it's on camera.

Again they facilitated another predictable fight on Sept. 23, 2017, by housing me over my multiple objection, next to Michael Baker, who tells everyone I'm a rat, due paperwork showing I'm a c.I. on his criminal matter (accussed of killing his grandmother). And then a fight breaks out right away between us.

Additionally I have documentation of approximate 20 acts of food tampering, deputy spitting all over my item's on camera. Complete denial of law library

1.

*Exhibit A* — *Special Prosecutor letter*

research, and outdoor recreation for month's straight.

Denial of medical care, including ignoring court orders for such.

Psychological harrassment tactics by staff, and other acts of abuse/excessive force.

Character slander, grafitti, sexual harrassment, and other attempts to place me next to known enemies of mine, and other acts of stalking by deputies.

Annoyances of eavesdropping and entrapment.

Retaliation searches of my cell up to approximately 7 to 8 times. (more than anyone else in the jail)

Illegal use of mechanical restraints for harrassment purposes.

Repeated mail tampering and interception.

* most of my complaints have been so inadequately, absurd, overlooked, disregarded, failure to investigate, it now mandates immediate attention by the D.A. office for an ethical oversight and investigation.

Sincerely,

Phillip O'Rose

Phillip Rosenblum  Bkg # 2996969
O.C. Jail
550 N. Flower St.
Santa Ana Ca. 92703

2.